W. SHARP, Judge,
concurring specially.
I write primarily to disagree with the majority opinion’s resolution of the certified question being posed to the Florida Supreme Court. I would hold that a child who is incompetent to testify at the time of trial because of age is an “unavailable” witness within the meaning of section 90.-803(23).
That subsection was added to the Evidence Code long after section 90.804(l)(d) which defines unavailable witnesses as “unable to ... testify at the hearing ... because of their existing physical or mental ... infirmity.” I disagree with the majority opinion that the infirmity must be caused by an illness or accident which occurs after the hearsay statements were made. I see no basis for such a restrictive reading of the statute. All that should be required is that the incompetency (be it age or mental retardation caused by birth-injuries or later illness) exist at the time of the trial. The majority view will exclude from admission in evidence, pursuant to section 90.803(23), hearsay statements made by very young children and mentally defective children, without any good reason to do so. These are two categories of the most vulnerable victims of sexual abuse, and ones who (I think) section 90.803(23) was designed to help.
Under my interpretation of the statute, if hearsay statements made by a very young child are going to be proffered via section 90.803(23), then all of the reliability findings required by that statute must be scrupulously met. This is not only because of the Sixth Amendment Confrontation Clause imperatives, but also because of the basic fairness concerns voiced by the majority opinion.
However, if a trial court conducts a hearing and based on competent evidence presented, finds there is other corroborative evidence of the abuse or offense,[1] and describes the content, time, and circumstances surrounding the statement which indicates its reliability,[2] the Sixth Amendment constitutional problems should be averted. See Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The requirements of this statute as to circumstances of reliability are far more stringent than many “firmly rooted hearsay exceptions,” which were devised by the common law over the centuries. In my view, the procedure and required findings of section 90.803(23) meet the standard for admissibility set out in Wright:
In other cases (nonfirmly rooted hearsay exceptions) the evidence must be excluded at least absent a showing of particularized guarantees of trustworthiness.
Wright, 497 U.S. at 815, 110 S.Ct. at 3146.

. § 90.803(23)(a), (b).

. § 90.803(23)(b), (c).